EDWARDS, Judge.
Paul L. Stafford filed this suit in tort for injuries he sustained while employed by National Maintenance Corporation. He contends his claim fits within the exception to the exclusive remedy of worker’s compensation for job-related accidents because defendant intentionally exacerbated his original injury. The trial court granted defendant’s motion for summary judgment, holding that plaintiff’s sole remedy is in worker’s compensation under LSA-R.S. 23:1032.* Plaintiff appeals, alleging the trial court erred in finding defendant’s actions were not intentional.
On September 28, 1984, Paul Stafford was working as a pipefitter for defendant at the Exxon plant in East Baton Rouge Parish. As he was helping to install a walkway on a hydro cracker, he heard a pop and felt something give in his shoulder. He reported his injury and was sent to the company medic. The medic treated his shoulder with ice for about two hours and told plaintiff that if his shoulder was not better by the next night he should go see a doctor. Plaintiff finished the rest of his shift on light duty.
When plaintiff reported back to work the next evening, he told the medic that his shoulder was paralyzed and much worse. Defendant’s medic treated plaintiff’s shoulder with a heating pad but agreed plaintiff should see a doctor. When plaintiff asked *1095 the medic to take him to a doctor, the medic requested permission to do so from the job supervisor. The supervisor denied permission and ordered plaintiff to return to work. Plaintiff then left the job and went to a “Med-Help” clinic that evening. The doctor there did not x-ray his shoulder but merely gave him pain pills and advised him to see his family physician if it did not improve. Plaintiff went to his doctor the following day and again a week later. It was not until some time after the accident that plaintiff was referred to Dr. Kuchar-chuk, an orthopedic surgeon, and diagnosed as having a tom rotator cuff. Dr. Kucharchuk operated on plaintiff but the surgery was unsuccessful.
All of plaintiffs medical bills have been paid and he has received weekly compensation benefits from USP & G, defendant’s worker’s compensation insurer. At trial, plaintiff did not allege that defendant intentionally caused his initial injury. Instead, he claimed that defendant’s actions after the accident made his original injury worse.
In Bazley v. Tortorich, 397 So.2d 475, 482 (La.1981), the court held that to meet the requirements of an intentional act, the defendant must have “desired the consequences of his acts or omissions or ... believed the consequences were substantially certain to result from them.” The actions which plaintiff complains of in this case are defendant’s attempt to treat plaintiff’s injury with heat and ice, failing to take him immediately to the hospital, making him go back to work on light duty after he was hurt, and stalling and delaying him from seeing a doctor.
LSA-C.C.P. art. 966 states that a motion for summary judgment should be granted only when there are no genuine issues of material fact in dispute and the “mover is entitled to judgment as a matter of law.” The sole issue presented here is whether plaintiff has alleged facts sufficient to show that defendant was substantially certain that plaintiff’s injury would be exacerbated by its actions. We find that while defendant’s actions may have negligently contributed to Mr. Stafford’s injuries, they were not intentionally calculated to do so. Plaintiff testified that he did not know how bad his injury was until the day after the accident. Even plaintiff's doctors initially believed that his shoulder was just badly bruised. Plaintiff also admitted that defendant did not prevent him from leaving the plant once he decided to seek medical attention.
Accordingly, for the above reasons, the judgment of the trial court is affirmed. Costs to be borne by appellant.
AFFIRMED.

 LSA-R.S. 23:1032 provides in pertinent part:
The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee ...
Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.